IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **SYLVESTER D. BAGLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:09-00335** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## M E M O R A N D U M   O P I N I O N

      This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 4 and 5.) Neither party has filed briefs in the matter.

      The Plaintiff, Sylvester D. Bagley (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on October 4, 2007 (protective filing date), alleging disability as of September 12, 2007, due to back problems and vision problems resulting from cataracts and glaucoma. (Tr. at 10, 115-25, 146.) The claims were denied initially and upon reconsideration. (Tr. at 66-68, 69-71.) On August 19, 2008, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 72-73, 74-75.) The hearing was held on November 5, 2008, before the Honorable Rossana L. D'Alessio. (Tr. at 19-46.) By decision dated January 13, 2009, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 10-18.) The ALJ's decision became the final decision of the Commissioner on February 27, 2009, when the Appeals Council denied Claimant's request for review. (Tr. at 1-3.) On April 3, 2009, Claimant brought the present action seeking judicial review

of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2008). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2008). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings,

has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date, September 12, 2007. (Tr. at 12, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from anterior degenerative lipping of L4, advanced cataracts of the left eye, and diabetes mellitus with retinopathy, which were severe impairments. (Tr. at 12, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 13, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity for work at the light level of exertion, as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting and/or carrying of 20 pounds occasionally and 10 pounds frequently, standing and/or walking six hours total in an eight-hour workday, and sitting for six hours total in an eight-hour workday. He would be limited to no climbing of ladders, ropes, or scaffolds. He would be limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. He would be limited to occasional exposure to extreme cold, vibration, and working in the proximity to moving, mechanical parts. He would be limited to work involving no more than occasional near acuity, far acuity, and depth perception. He would be limited to driving during the daylight hours and on clear days.

(Tr. at 14, Finding No. 5.) At step four, the ALJ found that Claimant could return to his past relevant work as a security guard. (Tr. at 16, Finding No. 6.) Additionally, on the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a stock checker, bakery worker, and janitorial worker, at the light exertional level. (Tr. at 17, Finding No. 10.) On these bases, benefits were denied. (Tr. at 18, Finding No. 11.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on September 13, 1950, and was 58 years old at the time of the administrative hearing, November 5, 2008. (Tr. at 24, 115, 123.) Claimant had a high school education and at least four years of college. (Tr. at 151, .) In the past, he worked as a maintenance worker, prep cook and kitchen worker, and security guard. (Tr. at 146-48.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will summarize it below as it relates to Claimant's claims.

Claimant's Challenges to the Commissioner's Decision

Claimant did not file a Motion for Judgment on the Pleadings in this case. In addition,

Claimant did not make any specific challenges to the Commissioner's decision either when he filed his Request for Review of Hearing Decision/Order or when he filed the Complaint in the instant case. He simply stated in his Request for Review of Hearing Decision/Order that "I am now disabled and will continue to be for twelve months or more." (Tr. at 4.) In his Complaint, Claimant asserted only that he is "disabled and entitled to benefits." (Document No. 2 at 2.) Having no specific objections to the Commissioner's decision, this Court has reviewed the entire record to see if it comports with the substantial evidence standard.

A review of the record reveals that the decision of the Commissioner is supported by substantial evidence. The ALJ thoroughly reviewed all of the medical evidence of record and considered the testimony of Claimant. (Tr. at 12-16.) The ALJ also complied with the applicable Regulations and case law in determining that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that Claimant was not entirely credible regarding the severity of his pain and other symptoms, and that Claimant was limited to light work and could perform a significant number of jobs in the national economy despite his severe impairments. Therefore, after careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the Court's docket.

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: September 30, 2010.

R. Clarke VanDervort
United States Magistrate Judge